35828. Parise *et al. v.* The State.

Carlisle, J. 1. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused" (Code § 38-109); and where, from all the evidence adduced upon the trial and every reasonable inference to be drawn therefrom, every reasonable hypothesis save that of the guilt of the accused is not excluded by the facts proved, a conviction in such a case cannot be allowed to stand.

2. Under an application of the foregoing rule of law to the facts of the present case, the trial court erred in denying the motion for a new trial, based solely on the general grounds, as the conviction of the accuseds was not authorized. The three named accuseds were charged, under the provisions of Code § 26-8116, with malicious mischief, in that they wilfully and maliciously melted a sprinkler head in a named hotel so as to

cause it to flood and damage a large area of the hotel. The only evidence adduced upon the trial was that the three named accuseds occupied two rooms, connected by a small private corridor, in the hotel. The sprinkler head in question was located in this small private corridor, which was accessible only to the occupants of the two rooms occupied by the three named accuseds. At about 5 a. m., the witness was called to the rooms occupied by the accuseds and found that the sprinkler system was flooding the two rooms and had been in operation for about eight minutes when he arrived. The accuseds were in the rooms attempting to salvage their clothing. He inquired of the accuseds who had set off the sprinkler, and they replied that it had just gone off. A fireman, being an expert in such matters, testified that the sprinkler could have been set off in only one of three ways: by the sprinkler head's being knocked off, by its freezing, or by its having been heated; that there was no evidence that it had been knocked off or frozen, but he had found burnt paper floating about one of the rooms, and it appeared that someone had wrapped paper about the sprinkler head and set it afire. While in misdemeanors all who participate, aid, or abet are equally principals in the crime; and while it is clearly inferable that one or more of the occupants of the two rooms set off the sprinkler, it does not appear who set it off, whether it was one of them alone, two of them, or all three of them, or if only one of them, that the other two aided and abetted him, or even had knowledge of the deed. The verdict finding all three of the accuseds guilty is, therefore, contrary to the law and evidence.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 20, 1955.

*S. B. Wallace,* for plaintiffs in error.
*Claude Christopher, Solicitor,* contra.